## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

WILDEARTH GUARDIANS )
516 Alto Street )
Santa Fe, New Mexico 87501 )
 )
     Plaintiff, )     Case No. 1:18-cv-387
 )
v. )
 )
U.S. DEPARTMENT OF THE INTERIOR )
OFFICE OF THE SECRETARY )
1849 C Street, N.W. )
Washington, D.C. 20240 )
 )
     Defendant. )

---

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

## INTRODUCTION

1.     Defendant United States Department of the Interior, Office of the Secretary ("Office of the Secretary") has wrongfully withheld records responsive to two requests made by Plaintiff WildEarth Guardians ("Guardians") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*

2.     Guardians filed two FOIA requests relating to the activities of the U.S. Department of the Interior to promote more oil and gas development on public lands in the United States (collectively "Oil and Gas Related Records FOIA Requests"). One request was for records related to a press release the Office of the Secretary released touting public lands oil and gas leasing sales it had made in September of 2017. The second request related to a November 16, 2017, appearance/presentation in Grand Junction, Colorado by Trump Administration officials about plans to facilitate more oil

and gas leasing on public lands. The push by the Office of the Secretary to promote more

public lands oil and gas leasing is raising increasing concerns over the impacts of oil and

gas development to public lands, clean water and air, the climate, wildlife, and

recreational opportunities in the American West.  Guardians filed its requests to learn

more about the Interior Department's efforts to promote oil and gas development on

public lands and to inform the American public of the details behind Interior's efforts.

3.      Contrary to FOIA, the Office of the Secretary failed to make determinations on

Guardians' Oil and Gas Related Records FOIA Requests within the time limits required

by the statute and failed to produce any of the records sought. Guardians requests an

order declaring that the Office of the Secretary has violated FOIA, directing the Office of

the Secretary to make determinations on Guardians' Oil and Gas Related Records FOIA

Requests, and compelling the Office of the Secretary to immediately provide Guardians

with the records it has requested by a date certain.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to the Freedom of

Information Act, 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action

pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (action to compel

an officer of the United States to perform his duty).

5.      This Court has authority to grant declaratory relief pursuant to the Declaratory

Judgment Act, 28 U.S.C. § 2201. This Court has authority to grant injunctive relief

pursuant to 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

6.      This Court has authority to award costs and attorney fees pursuant to 5 U.S.C. §

552(a)(4)(E).

7.      Venue is appropriate under 5 U.S.C. § 552(a)(4)(B). Venue is also appropriate under 28 U.S.C. § 1391 because Defendant is an agency of the United States with its primary office in Washington, D.C., and a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## PARTIES

8.      Plaintiff WildEarth Guardians ("Guardians") is a non-profit conservation organization dedicated to protecting and restoring the wildlife, wild places, wild rivers, and health of the American West. Guardians has offices in Colorado, Montana, New Mexico, Arizona, Washington, and Oregon. With more than 202,000 members and supporters, Guardians works to sustain a transition from fossil fuels to clean energy in order to safeguard the West. The records sought in this action are requested in support of these efforts.

9.      Guardians works in furtherance of its goals in part by acquiring information regarding federal programs and activities through FOIA. Guardians then compiles and analyzes that information and, subsequently, disseminates that information to its membership, the general public, and public officials through various sources including publications, reports, its website and newsletter, general news media coverage, and public presentations. Guardians' successful efforts at educating the public on issues concerning federal government programs and activities that affect the environment contribute significantly to the public's understanding of governmental operations and activities. Guardians also uses the information that it acquires through FOIA to participate in federal decision-making processes, to file administrative appeals and civil actions, and generally to ensure that federal agencies comply with federal environmental laws.

10.     Guardians, its staff, or one or more of its members are directly injured by the Office of the Secretary's failure to comply with the statutory requirements of FOIA and a favorable outcome of this litigation will redress that injury. Guardians brings this action on behalf of itself, its staff, and its members.

11.     Defendant United States Department of the Interior, Office of the Secretary ("Office of the Secretary") is an agency as defined by 5 U.S.C. § 552(f)(1). FOIA charges the Office of the Secretary with the duty to provide public access to records in its possession. The Office of the Secretary has possession of the records sought by Guardians. The Office of the Secretary is denying Guardians access to its records in contravention of federal law.

## FACTUAL AND LEGAL BACKGROUND

12.     FOIA requires federal agencies to "determine within 20 days . . . after the receipt of any [FOIA] request whether to comply with such request and . . . immediately notify the person making such request of . . . such determination and the reasons therefor[.]" 5 U.S.C. § 552(a)(6)(A)(i)(I).

13.     Guardians submitted two separate FOIA requests to the Office of the Secretary, one on October 10, 2017, and the other on October 19, 2017.

I.     **Records Related to an October 6, 2017, Press Release Touting Oil and Gas Leases Sold in September of 2017**

14.     On October 10, 2017, Guardians submitted a FOIA request to the Office of the Secretary. Guardians' FOIA request stated "[o]n October 6, 2017, the U.S. Department of the Interior released a press release regarding the sale of federal oil and gas lease parcels in the month of September. This press release is attached as Exhibit 1. We hereby request any and all records related in any way to this October 6, 2017 press release."

4

15.     On November 3, 2017, Guardians received confirmation from the Office of the

Secretary that it received Guardians' FOIA request and that its request was being

processed. The Office of the Secretary assigned the number "OS-2018-00089" to the

request.

16.     The Office of the Secretary stated that because of the need to search for and

collect requested records from field facilities or other establishments that are separate

from the office processing the request to properly process Guardians' FOIA request, the

Office of the Secretary would be taking an extension of ten workdays to make a

determination, citing 43 C.F.R. § 2.19. For the same reason, the Office of the Secretary

stated it would be placing the request under the "Complex" processing track, 43 C.F.R. §

2.15. The Office of the Secretary did not describe any further "unusual circumstances"

meriting an extension of the deadline for making a determination on Guardians' request.

The Office of the Secretary did not request that Guardians limit the scope of its FOIA

request or agree to an alternative time period for processing the request. The Office of the

Secretary did not provide a date certain upon which it expected the request to be

processed.

17.     Having received no further communications from the Office of the Secretary

related to its FOIA request, on December 16, 2017, Guardians sent an email to the Office

of the Secretary FOIA Officer inquiring about the status of its request.

18.     On December 18, 2017, the Office of the Secretary FOIA Officer responded via

email stating that the Agency was still waiting on records from program offices, and that

the Office of the Secretary would begin reviewing those records once it received them.

19.     Having received no further communications from the Office of the Secretary

related to its FOIA request, on February 6, 2018, Guardians sent an email to the Office of

the Secretary FOIA Officer inquiring about the status of its request.

20.     On February 7, 2018, the Office of the Secretary FOIA Officer responded via

email again stating that the Agency was still waiting on records from program offices.

21.     More than 89 days have passed since Guardians submitted its FOIA request

number OS-2018-00089 to the Office of the Secretary.

22.     To date, the Office of the Secretary has not communicated to Guardians the scope

of the documents it intends to produce and withhold in response to Guardians' FOIA

request or disclosed records responsive to its request.

23.     Guardians has fully exhausted its administrative remedies for FOIA request

number OS-2018-00089 to the Office of the Secretary. Administrative remedies are

deemed exhausted whenever an agency fails to comply with the applicable time limits of

FOIA, as provided in 5 U.S.C. § 552(a)(6)(C)(i). Guardians now turns to this Court to

enforce the remedies and public access to agency records guaranteed by FOIA.

II.     **Records Related to a November 16, 2017, Meeting in Grand Junction, Colorado Regarding the Trump Administration's Energy Dominance Agenda**

24.     On October 19, 2017, Guardians submitted a FOIA request to the Office of the

Secretary. Guardians' FOIA request was for "[a]ny and all records related in any way to

the appearance/presentation that Kate MacGregor, Acting Assistant Secretary of Land

and Minerals Management, will make on November 16, 2017 in Grand Junction,

Colorado before the Grand Junction Petroleum and Mining Club. According to the Grand

Junction Petroleum and Mining Club, Ms. MacGregor will make a presentation on 'The

New Administration's plans to streamline the energy industry's permitting process.' *See* http://www.grandjunctionpmc.com/kate-macgregor-event.".

25.     On November 9, 2017, Guardians received confirmation from the Office of the Secretary that it received Guardians' FOIA request and that its request was being processed. The Office of the Secretary assigned the number "OS-2018-00145" to the request.

26.     The Office of the Secretary stated that because of the need to search for and collect requested records from field facilities or other establishments that are separate from the office processing the request to properly process Guardians' FOIA request, the Office of the Secretary would be taking an extension of ten workdays to make a determination, citing 43 C.F.R. § 2.19. For the same reason, the Office of the Secretary stated it would be placing the request under the "Complex" processing track, 43 C.F.R. § 2.15. The Office of the Secretary did not describe any further "unusual circumstances" meriting an extension of the deadline for making a determination on Guardians' request. The Office of the Secretary did not request that Guardians limit the scope of its FOIA request or agree to an alternative time period for processing the request. The Office of the Secretary did not provide a date certain upon which it expected the request to be processed.

27.     Having received no further communications from the Office of the Secretary related to its FOIA request, on February 6, 2018, Guardians sent an email to the Office of the Secretary FOIA Officer inquiring about the status of its request.

28.     On February 7, 2018, the Office of the Secretary FOIA Officer responded via email stating that the Agency was still waiting on records from program offices, and that the Office of the Secretary would begin reviewing those records once it received them.

29.     Having received no further communications from the Office of the Secretary related to its FOIA request, on February 15, 2018, Guardians sent an email to the Office of the Secretary FOIA Officer inquiring about the status of its request.

30.     On February 20, 2018, the Office of the Secretary FOIA Officer responded via email stating that the Agency was still waiting on records from one of its program offices, and that the Office of the Secretary would begin reviewing those records once it received them.

31.     More than 82 days have passed since Guardians submitted FOIA request number OS-2018-00145 to the Office of the Secretary.

32.     To date, the Office of the Secretary has not communicated to Guardians the scope of the documents it intends to produce and withhold in response to Guardians' FOIA request or disclosed records responsive to its request.

33.     Guardians has fully exhausted its administrative remedies for FOIA request number OS-2018-00145 to the Office of the Secretary. Administrative remedies are deemed exhausted whenever an agency fails to comply with the applicable time limits of FOIA, as provided in 5 U.S.C. § 552(a)(6)(C)(i). Guardians now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

## FIRST CLAIM FOR RELIEF

### Violation of FOIA – Failure to Make a Determination on Guardians' FOIA Request Number OS-2018-00089 Within the Statutory Time Frame

34.     Guardians incorporates all the allegations in this complaint by this reference.

35.     The Office of the Secretary has not communicated to Guardians the scope of the documents it intends to produce and withhold in response to the FOIA request, or its reasons for withholding any documents, and has not disclosed to Guardians records responsive to the FOIA request.

36.     This failure to make a determination on Guardians' October 10, 2017, FOIA request (number OS-2018-00089) within the time frame required by FOIA is a constructive denial and wrongful withholding of the records Guardians requested in violation of FOIA, 5 U.S.C. § 552.

37.     Guardians is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA, for the Office of the Secretary's violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

## SECOND CLAIM FOR RELIEF

**Violation of FOIA – Failure to Make a Determination on Guardians' FOIA Request Number OS-2018-00145 Within the Statutory Time Frame**

38.     Guardians incorporates all the allegations in this complaint by this reference.

39.     The Office of the Secretary has not communicated to Guardians the scope of the documents it intends to produce and withhold in response to the FOIA request, or its reasons for withholding any documents, and has not disclosed to Guardians records responsive to the FOIA request.

40.     This failure to make a determination on Guardians' October 19, 2017, FOIA request (number OS-2018-00145) within the time frame required by FOIA is a constructive denial and wrongful withholding of the records Guardians requested in violation of FOIA, 5 U.S.C. § 552.

41.    Guardians is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA, for the Office of the Secretary's violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Guardians respectfully requests that this Court:

A.    Declare that the Office of the Secretary has violated FOIA by wrongfully withholding the records Guardians requested in FOIA request number OS-2018-00089;

B.    Order the Office of the Secretary to make a determination on Guardians' FOIA request number OS-2018-00089 and to provide Guardians with all wrongfully withheld records;

C.    Declare that the Office of the Secretary has violated FOIA by wrongfully withholding the records Guardians requested in FOIA request number OS-2018-00145;

D.    Order the Office of the Secretary to make a determination on Guardians' FOIA request number OS-2018-00145 and to provide Guardians with all wrongfully withheld records;

E.    Maintain jurisdiction over this action until the Office of the Secretary complies with FOIA and every order of this Court;

F.    Award Guardians its costs and reasonable attorney fees incurred in prosecuting this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

G.    Grant such other and additional relief as the Court deems just and proper.

Respectfully submitted on the 20th day of February, 2018,

*/s/ Stuart Wilcox*
Stuart Wilcox (Bar No. CO0062)
WildEarth Guardians
2590 Walnut Street

Denver, CO 80205
(720) 331-0385
swilcox@wildearthguardians.org

*/s/ Kelly E. Nokes*
Kelly E. Nokes (Bar No. MT0001)
WildEarth Guardians
P.O. Box 7516
Missoula, MT 59807
(406) 209-9545
knokes@wildearthguardians.org